RUFUS G. RUSSELL vs. SAMUEL H. CRUTTENDEN.

On the trial of an action on the warranty of a horse, the plaintiff, who testified in his own behalf, was asked on cross-examination by the defendant's counsel how many other purchases of horses he had made in the last twenty years and tried to set aside on the ground that he had discovered defects in them. Held to be inadmissible, as raising an outside and irrelevant issue.

And held not admissible as going to show that the plaintiff was not an expert on the subject of the diseases and vices of horses.

Nor for the purpose of showing that the plaintiff was given to imagining that horses he had purchased had defects. This fact, if established, would not tend to show that the particular horse that was the subject of the present controversy was free from defects.

[Argued December 9th, 1885—decided January 4th, 1886.]

ACTION on a warranty of a horse; brought to the Court of Common Pleas, and tried to the court before *Pickett, J.* Facts found and judgment rendered for the plaintiff. Appeal by the defendant for error in the rulings of the court. The case is sufficiently stated in the opinion.

*L. Harrison* and *E. Zacker,* for the appellant.

*T. E. Doolittle,* for the appellee.

CARPENTER, J. This is an action on a warranty upon the sale of a horse. The complaint alleges that the horse was warranted sound, kind, and gentle, and that he was unsound, unkind, and restive. The Court of Common Pleas found that the horse was unkind, and rendered judgment for the plaintiff. The defendant appealed. On the cross-examination of the plaintiff the defendant's counsel asked the witness this question:—"How many other purchases of horses have you made within the last twenty years that you have revoked, or attempted to revoke, because you discovered defects in them?" Objection being made the court excluded it. The first reason of appeal is, that the court erred in so ruling.

It seems to us very clear that the ruling of the court was correct. The issue concerned the trade between the plaintiff and defendant alone. Other trades between the plaintiff and other parties, or what the plaintiff claimed under them, could throw no light on this transaction. Whether the plaintiff in other instances had complained, with or without reason, was immaterial. The question raised an outside and irrelevant issue.

The second and third reasons of appeal relate to the same ruling. It is claimed that the question was admissible, in connection with other matters, for the purpose of showing that the plaintiff was not an expert on the subject of diseases and vices of horses. We think no answer to the question would have had any tendency to prove that fact.

It is further claimed that it was admissible for the purpose of showing "that he had on several prior occasions, after purchasing horses, imagined that they had defects, and that it was an idiosyncracy of his to imagine that horses had defects and to become alarmed about them after he had purchased them."

If the alleged defects in this horse were creatures of the plaintiff's imagination, the proper way to prove it would have been to offer direct proof as to the character and condition of the horse. Attempting to prove it indirectly by showing the habits of the plaintiff is objectionable. There is no necessary or probable connection between the plaintiff's habits in this respect and the vices and faults of this particular horse. Showing the existence of the former does not tend to prove the absence of the latter, and can be no answer to the plaintiff's evidence.

Two other questions were propounded to the same witness, which were rejected :—" Do you know what causes a spavin ? "—" Do you know whether lameness precedes a spavin or not ? " These rulings are complained of in the fourth and fifth reasons of appeal.

The issue, so far as it related to the unsoundness of the horse, was found for the defendant ; so that the causes of a spavin, and whether lameness preceded it or not, were mat-

ters of no consequence. Moreover the plaintiff testified that he did not claim to be an expert, and there was no evidence that he was; therefore he could not properly answer the questions.

The sixth, seventh and eighth reasons of appeal, as the defendant's counsel say in their brief, "may be treated together, and are in substance an allegation that the court erred in finding, from the subordinate facts which appear upon the record, that there was a breach of the warranty that the horse was kind and gentle."

We must regard this as a question of fact. The court below found that the horse was not kind and gentle, and we see nothing in the statement of the case indicating that the finding is legally wrong.

There is no error.

In this opinion the other judges concurred.